**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0395-22

WELLS FARGO BANK, N.A. AS
TRUSTEE FOR BANC OF
AMERICA FUNDING
CORPORATION MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2007-5,

     Plaintiff-Respondent,

v.

MARSHALL ANTHONY, a/k/a
MARSHALL C. ANTHONY, a/k/a
MARSHALL COREY ANTHONY,

     Defendant-Appellant,

and

MRS. ANTHONY, SPOUSE OF
MARSHALL ANTHONY, a/k/a
MARSHALL C. ANTHONY,
a/k/a MARSHALL COREY
ANTHONY, TASCHA ANTHONY,
MARINA DISTRICT
DEVELOPMENT CO LLC,

     Defendants.

_____

Submitted January 22, 2024 – Decided May 17, 2024

Before Judges Gilson and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-009606-19.

Marshall Anthony, appellant pro se.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (Charles H. Jeanfreau, on the brief).

PER CURIAM

Defendant, Marshall Anthony,[1] appeals from an order dismissing defendants' cross-motion to dismiss the complaint for failure to state a cause of action pursuant to Rule 4:6-2(e), claiming plaintiff lacked standing to foreclose. Because we conclude defendants' motion was procedurally untimely, and plaintiff had standing to foreclosure, we discern no reason to disturb the trial court's order and affirm.

I.

On December 29, 2006, Marshall Anthony and Tascha Anthony (defendants) executed a mortgage in favor of Bank of America, N.A. (BoA) in

---

[1] Tascha Anthony did not join in this appeal.

A-0395-22

the amount of $372,000 for property located in Scotch Plains, NJ 07076 (the property). To secure the mortgage, defendants executed and delivered a note to BoA the same day. The mortgage was recorded on January 10, 2007 in Union County, NJ. On March 29, 2007, BoA assigned the mortgage to Wells Fargo Bank, N.A., (plaintiff), in the care of Specialized Loan Servicing, LLC (Specialized Loan). Tron P. Nash, an authorized officer of BoA signed the assignment on behalf of BoA. The assignment was recorded in Union County on April 24, 2013.

On January 11, 2018, defendants and Specialized Loan, plaintiff's mortgage loan servicer, entered into a loan modification agreement. The loan modification agreement was also recorded in the Union County Clerk's Office on January 30, 2018.

On October 14, 2018, Specialized Loan delivered a Notice of Intent to Foreclose (Notice) to defendants, alerting them they had failed to pay their monthly payments over the course of several months, advising them they could cure their default by making a payment in the amount of $27,622.20 by November 16, 2018, and providing notice of the lender's intention to file a foreclosure action. The Notice advised that plaintiff was the current owner of the loan and Specialized Loan, as the mortgage servicer, represented plaintiff.

3

On May 23, 2019, plaintiff filed a foreclosure complaint against defendants. Plaintiff's three-count complaint alleged defendants defaulted on the loan, failed to remit payment after default, and deprived plaintiff of its right to possession of the property. Plaintiff demanded acceleration of the whole unpaid principal amount, unpaid interest, advance fees and costs, and possession of the property.

Defendants filed their answer and affirmative defenses as a self-represented litigants on April 14, 2020, denying all allegations and challenging plaintiff's ownership of the original note and mortgage. Defendants claimed plaintiff lacked standing to bring the foreclosure action because it could not prove it was the holder of the mortgage and note, did not have physical possession of the note, or had a valid mortgage assignment.

On June 11, 2021, the trial court granted plaintiff's motion for summary judgment and transferred the matter to the Office of Foreclosure as uncontested. The court found the note was assigned to plaintiff on March 29, 2007 and recorded, plaintiff owned and controlled the underlying debt, and, as a result, plaintiff had standing to pursue the foreclosure action. It also found plaintiff was properly identified as the lender and holder of the note by assignment in the Notice. The court determined defendants defaulted on the note and mortgage,

4

the note was valid and recorded, plaintiff became the valid holder of the note by assignment, and plaintiff had the right to the property in satisfaction of the debt.

On June 24, 2021, defendants filed a motion to vacate the June 11, 2021 order, pursuant to R. 4:50-1, alleging the court failed to find BoA transferred physical possession of the note and mortgage to plaintiff, and failed to find the assignment was recorded before the foreclosure complaint was filed. The court denied defendants' motion to vacate. On August 5, 2021, defendants filed a motion for reconsideration, which the trial court denied on September 10, 2021.

On May 2, 2022, plaintiff filed its motion for final judgment with the Office of Foreclosure requesting entry of judgment in its favor and relief in the amount of $721,012.16. Seven days later, defendants filed a cross-motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to R. 4:6-2(e). Defendants argued plaintiff's complaint did not allege it was the holder of the original note instrument, and continued to claim plaintiff failed to assert it had physical possession of the underlying note. Defendants also alleged plaintiff failed to submit a certification based on personal knowledge and relevant admissible evidence, pursuant to R. 1:6-6, to confirm it had "physical possession" of the note.

A-0395-22

The court denied defendants' motion to dismiss for failure to state a claim, finding defendants had filed an answer to plaintiff's complaint on April 14, 2020, which barred defendants from belatedly filing a R. 4:6-2(e) motion. The court also substantively noted plaintiff provided a true copy of the assignment of mortgage in support of its motions for summary judgment and final judgment. It reiterated plaintiff had standing to foreclose because it demonstrated it was the true holder of the note and mortgage, based on the valid and recorded assignment.

The court entered final judgment against defendants on June 30, 2022, awarding Wells Fargo $721,012.76 plus interest and $7,360.12 in counsel fees, and directing a sheriff's sale of the property to satisfy the debt. The court also barred and foreclosed defendants from all equity of redemption. Defendant Marshall Anthony filed this appeal on September 9, 2022, contending the trial court erred in denying the cross-motion.

## II.

We apply a de novo standard of review to a trial court order dismissing a complaint pursuant to Rule 4:6-2(e). Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulous v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 108 (2019)). We owe no

deference to the trial court's conclusions. <u>Rezem Fam. Assocs., LP v. Borough of Millstone</u>, 423 N.J. Super. 103, 114 (App. Div. 2011).

On appeal, defendant argues the trial court abused its discretion in its review of his cross-motion to dismiss because its "decision was 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" (quoting <u>US Bank Nat. Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012)). Defendant reiterates his arguments that plaintiff's May 23, 2019 complaint, motion papers, and proofs do not allege it had ownership or control of the note, or was an entity that was permitted to enforce the instrument within the meaning of N.J.S.A. 12A:3-301. He continues to argue plaintiff failed to plead it was in possession of the original note and the current note was endorsed in blank. Additionally, he maintains plaintiff failed to prove the note was negotiated by and transferred to plaintiff.

Defendant appeals only from the trial court's denial of his motion to dismiss plaintiff's complaint pursuant to <u>R.</u> 4:6-2(e). A party may move to dismiss a complaint pursuant to <u>R.</u> 4:6-2(e) for failure to state a claim upon which relief can be granted. However, the motion must be made before a responsive pleading is filed. "If a motion is made raising . . . [this] defense[], it shall be made before pleading if a further pleading is to be made." <u>R.</u> 4:6-2. We

A-0395-22

have previously stated "the enumerated defenses that can be raised by motion may also be raised in an answer." Allstate N.J. Ins. Co. v. Cherry Hill Pain & Rehab. Inst., 389 N.J. Super. 130, 137 (App. Div. 2006). Defendant could have raised this defense, and did raise it, in his answer and again in opposition to summary judgment. Once he filed an answer containing the same defense, defendant was precluded from filing a R. 4:6-2(e) motion, as the trial court correctly concluded. Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:6–2 (2024).

Moreover, defendant's continued assertion that plaintiff lacked standing to foreclose is belied by the record. It is well established a party demonstrates standing to foreclose if it establishes it has physical possession of the note or an assignment of the mortgage that predated the original complaint. Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 224-25 (App. Div. 2011)).

As the court noted, plaintiff had standing to commence the foreclosure action both because it attached a true copy of the note, endorsed by BoA, to its complaint, and because it had possession of the endorsed note as the holder in due course pursuant to N.J.S.A. 12A:3-301 and N.J.S.A. 12A:3-205(b). Wells

Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011); Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. at 214. Wells Fargo recorded the assignment on April 24, 2013.

An assignee can establish standing to foreclose by presenting a properly "authenticated assignment indicating that it was assigned the note before it filed the original complaint." Ford, 418 N.J. Super. at 225.

Here, BoA assigned all of its rights, title and interest in the mortgage, together with the note, to Wells Fargo, N.A. Plaintiff established a prima facie case for foreclosure because it demonstrated, through its certified true copy of the note and mortgage assignment, it had standing. The assignment was signed and recorded more than ten years before plaintiff filed its foreclosure complaint.

The trial court correctly denied defendant's motion to dismiss because it was not brought timely, and because it had already correctly found plaintiff had standing to bring this foreclosure action.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0395-22